Thank you for your service as appointed counsel under the Criminal Justice Act. Good morning, Your Honors. May it please the Court, Christopher DeLong, my colleague, Marja Zayed of the Dorsey & Whitney Law Firm, for Appellant Salvador Nunez-Hernandez. Appellant asks this Court to hold Section 1326 as unconstitutional and vacate his conviction thereunder. As an initial matter, Appellant asks that the Court deny the government's motions to dismiss and summary affirmance in the alternative. Mr. Nunez-Hernandez's claim here is not waived nor procedurally barred. This is a challenge to the State's power to prosecute and the Court's power to hear the case. I agree with that, but is the issue forfeited in the sense that it was never brought up before the District Court? I don't believe that's possible, Your Honor. This is a challenge to the Court's power. It's, for all intents and purposes, a subject matter challenge. I don't believe the Court can have jurisdiction to hear an offense that is not an offense. Well, I'm glad you brought that up. So, you know, it's tough because the Supreme Court used loose language in describing jurisdiction. A lot of the language that we've used is actually from the 1800s, and it comes from the habeas realm, where in habeas, you could only give habeas relief when there was a jurisdictional defect. But jurisdictional defects included things that were not subject matter jurisdiction. So, for example, a defect in terms of the vagueness of the statute or something like that. So my question for you is, shouldn't we still apply plain error review? Because this isn't jurisdictional in the subject matter jurisdiction sense. It's jurisdictional in the habeas or old Supreme Court case law sense. I respectfully disagree, Your Honor. I don't think that it is. I think that an unconstitutional statute cannot be prosecuted, and therefore there's no offense against the United States, and therefore there is no jurisdiction. It's not a theory based on the historical precedent that you were just summarizing for us, Your Honor. I think if you look at Class v. United States, what the Court was talking about there was the meta-blackledge doctrine. And to the extent that that traces to the habeas theory you're discussing, I think there also is a very good quote in that case from, I believe, the Supreme Court of Massachusetts. And it's discussing not jurisdiction perhaps in the formal sense we would talk about it today, but the power to deprive someone of their liberty. Well, let me ask you this. What would happen, suppose this case had gone to trial, this exact case goes to trial. You never bring up the constitutionality of, you know, under equal protection of this particular claim. It comes up to us on appeal. Wouldn't we apply plain error review? I mean, that's sort of black letter law. What makes it different that somebody is proceeding to a guilty plea versus trying it? Sure. Well, first of all, this is not an obvious argument, and it wasn't at the time. And I think as we explained in our motion for summary affirmance, or sorry, excuse me, response to the motion for summary affirmance, and also I think the motion for judicial notice, Correa Lopez, the case from the District of Nevada, was decided after pretrial proceedings, and we're relying on evidence that was presented in evidentiary hearings in that case. And so not only is it an important challenge to the nature of the Court's power to deprive someone of their liberty and order them to be in prison for 120 months, and the State's power to prosecute that, it is not an — it wasn't an obvious argument in the — in the district court. And I'm sure as the courts were 18 — We wouldn't actually care if — if — I mean, suppose it goes to trial and it still wasn't an obvious argument. We'd still apply plain error review when it comes after a trial because, you know, there's opportunities to raise it. Yeah. And I agree, Your Honor, that there were opportunities to raise it. I think the point here is that it can't — it can't be waived and it can't be forfeited because of the nature of the claim, which is a challenge to the Court's power. Can we point otherwise, though, in the Lehman case, where there was a Second Amendment as-applied challenge raised on appeal that was not raised below? And I think Judge Gras wrote that opinion. We found it was subject to plain error. That's right, Your Honor, and that is what the Lehman case says. And I actually tend to agree with the Lehman case, but I don't think it affects this case at all because we're — How do you distinguish it? We're not making an as-applied challenge. It's not the significance of the facts about Mr. Salvador Nunez-Fernandez or the facts even of his offense. It's the significance of the 1952 INA, which traces its racist legacy back to the 1929 — The difference is — I see. The difference is that was an as-applied challenge that was waived or forfeited. That's right, Your Honor. All right. Thank you. Sure. So picking up, the motion to dismiss and the motion for summary affirmance should be denied. This is not the type of challenge that can be forfeited or waived. It's the type of challenge that is always raisable, even under Rule 12c. I believe the last part of Rule 12c says challenges to the court's jurisdiction that can be raised at any time. And that's essentially the challenge that we're making here. So I think this Court has to reach the merits. And on the merits, I think, as the District Court of Nevada found in Carrillo-Lopez, we have met our burden under Arlington Heights, and the responsibility is to the government to rebut it. The evidence presented in Carrillo-Lopez, I think, is very persuasive. We'll start with, first of all, under Arlington Heights — excuse me, I'm getting ahead of myself. I just want to note for the Court that, obviously, we argue that Arlington Heights applies. And to the extent that the government argues that rational basis should apply, the government is wrong. This is not a challenge to the government's power to exclude someone or to deport someone. This is a challenge to the government's power to put someone in prison and the court's power to hear that case. So on Arlington Heights, I want to start with the historical background. The language of the 1952 INA, which is, I think, the act that the Court does need to look at, traces itself to the Undesirable Aliens Act of 1929. Now, I don't think — and the government conceded in the District of Nevada — I don't think that there's any debate about the racial animus that motivated the enactment of the 1929 bill and its specific language. Now, in 1952, the Congress did nothing — no, there's — the Congress did nothing to repudiate that racist history of the 19 — of the Undesirable Alien Act of 1929. In fact, there is relative silence in the congressional record as to this particular offense, except for a few notable sequences of events that led up to the passage, which, of course, is the second factor on Arlington Heights. So we have that the language is the same. Then we also have President Truman's veto. President Truman's veto, as the experts testified, is motivated by a desire to rectify past mistakes and a recognition that the 1929 enact was enacted with racial animus. And we also have the bill's sponsors using derogatory terms and, in fact, using a derogatory term to name the bill. And we also have the statement of the then-Deputy Attorney General Payton Ford directed explicitly at Section 1326 and explaining how it was a tool, a good tool. And, in fact, the only change to the 1952 enactment of the language, which was to say found in the United States, was a positive development because it actually increased his ability to enforce that act against, quote, wetbacks. Now, other courts have looked at this evidence and come out the other way. However, no courts have looked at this specific expert testimony and this specific challenge and come to this conclusion. And we'd ask that the Court — So he may proceed or he may save time for rebuttal? I just noticed myself that I wasn't tracking. So I'm going to stop right here and reserve my time for rebuttal. Thank you, Your Honor. Ms. Bozycki, you may proceed. Thank you, Your Honor. Good morning. It may please the Court. My name is Kate Bozycki, and I'm here on behalf of the United States. This Court should grant summary affirmance in this case because the defendant utterly failed to complete the basic blocking and tackling of federal criminal litigation to present his claim properly before the district court. There is no record in this case, and that is why the defendant continues to lean heavily on a record from a district court far away that has no binding effect on this court and is, in fact, erroneous in many key respects. This is a motion that could have been brought under Rule 12 and should have been brought under that rule. The defendant's claim against the statute was readily discernible from the face of the indictment. And as we cite on page 14 of our brief, numerous defendants around the country have done the basic, very crucial first steps, which is to bring a motion in the district court challenging the statute. Sotomayor, I don't think he's challenging the indictment. It seems to me that under Class v. U.S., wasn't he able to bring this on appeal? Your Honor, Class certainly spoke to the fact that the fact of a guilty plea by itself does not prevent a defendant from challenging a statute. But Class is silent as to what happens then. Once the defendant clears that hurdle, they still have to face the fact that there is no record below, that this court, which is here to review a record that the district court has created, has nothing to review other than the wholesale importation of another district court's records. So while the defendant may, under Class, have the ability to bring this challenge, it still has nothing to do with Rule 12 and nothing to do with plain error. If this defendant were to have done the basic first steps of litigation, as the defendant in Carrillo-Lopez did, there would be a record for this court to review. But for Rule 12, though, your argument on Rule 12, we would be in plain-air land, though, wouldn't we? I mean — Yes, Your Honor. Okay. I just want to be sure about that. Yes. If this — if the government's motion for summary affirmance is not granted in this available review, it is the plain-air standard. Because there is nothing here for the court to look at from the record below that would give any other viable standard of review or claim preservation. So in this situation, the defendant states that his claim relied on decades of historical and academic research and data. Those decades of research and data were available to him at the time he decided to plead guilty. He brought many challenges to the indictment against him, but not this challenge. And therefore, with no factual findings from the district court to review, he's simply attempting to leapfrog the basic tasks that every other defendant who wishes to challenge the constitutionality of a statute, whether that be, in this case, an immigration statute, in many cases, a Second Amendment challenge for a firearms statute. Those defendants have done the right thing, and the record has been created, and the court has something to review. With nothing here like that, as you say to Judge Strass, the only available set of tools for this court is plain-air. And when you look at plain-air, you find that this utterly fails. A defendant, to show that a statute itself, a facial challenge to a statute, meets the plain-air standard, has to show that the statute is unconstitutional, and that is clear under current law. What we have here is one district court in the District of Nevada that has held contrary to many other district courts, and certainly nothing at the level of the appellate court or the Supreme Court to say that 1326 is unconstitutional. There is simply no way that Mr. Nunez-Hernandez can show that he can prevail at the plain-air framework. Isn't that partially, though, because we have a District of Nevada case versus an appellate case, and the District of Nevada did. Then on plain-air review, presumably, we would have to apply it because decisions on direct appeal apply retroactively. So is the source of the decision a big part of the argument you're making? The source in terms of the District of Nevada, Your Honor? Yes. It is, because this Court has said that a non-binding opinion, a non-presidential opinion doesn't have any effect on this Court's jurisprudence. And so in this case, the District of Nevada certainly cannot control what this Court does or any other court outside of that district. So when a party like Mr. Nunez-Hernandez here does not meet the basic first initial steps of federal criminal litigation, this Court should not allow him to do an end run around the federal rules and all of the other safeguards that are in place to ensure that a record is created and this Court has something to review at the appellate stage. Summary affirmance is the appropriate response to this defendant's appeal. But if not, we urge this Court to apply the plain-error standard and to hold that Mr. Nunez-Hernandez simply cannot meet his burden to show that there was plain-error in this case. There have been decades of cases involving this statute, and with only one outlier court in Nevada to lean on, he cannot show that plain-error applies to his challenge. Unless the Court has any questions, I will rest on my brief. Roberts.  Ms. Buzicki. All right. Mr. DeLong, you may proceed with rebuttal. Thank you, Your Honors. Just a couple of points. I recognize I may not have completely answered Judge Strauss' question the first time I was up here, and so I want to make sure that I'm clear that I do not believe that this challenge that Mr. Nunez-Hernandez brings is waivable or forfeitable because of the nature of the challenge. And so even if we had not, even if the case had gone to trial and we raised it here for the first time, it's a challenge to the constitutionality of the statute, and if the statute is unconstitutional, the Court can't affirm there was no jurisdiction and no power to hear the case. Rule 12, the plain-error review, does not apply. It doesn't apply for, actually, the very same reasons I was just attempting to explain. And also, I recognize that, and, you know, we readily stated in our briefs and explained that the challenge was not brought and that it was brought because the District of Nevada made this decision, and it made the decision not just based on decades of data and historical research, but on the testimony of experts that we did not have that did not exist. And then the analysis of the Court obviously did not exist at the time. And unless the Court has any other questions, I'd ask that the motions to dismiss and for summary affirmance be denied, Section 1326 be held unconstitutional, and Mr. Nunez-Fernandez's conviction thereunder be vacated. Thank you, counsel. I'd like to thank both counsel.